UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF INGRAM BARGE
COMPANY LLC D/B/A INGRAM BARGE
COMPANY, AS OWNER AND
OPERATOR OF BARGE IB976,
PETITIONING FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY

CIVIL ACTION

NO. 20-00313-BAJ-SDJ

## RULING AND ORDER

Before the Court is Claimant Gregory Ratcliff's (hereinafter "Claimant") **Motion to Bifurcate (Doc. 56)**, seeking to bifurcate the issues of exoneration and limitation liability from the damages issues under Federal Rule of Civil Procedure 42(b). (Doc. 56, p. 1).

Claimant is employed by TT Barge and was assigned to clean the inside of a barge owned, operated, and managed by Petitioner Ingram Barge Company LLC. (Doc. 56, p. 1). Claimant alleges that he was seriously injured when he slipped and fell on caustic soda that was frozen inside the barge. (Doc. 56, p. 1).

Claimant seeks an order from this Court bifurcating the limitation and non-limitation issues in this "proceeding so that he can try apportionment of liability and damages to a jury in [his] state court case." (Doc. 56, p. 2). Ingram Barge Company LLC and T.T. Barge both assert that Claimant seeks bifurcation in an effort circumvent the necessary stipulation agreeing to protect the rights of Ingram Barge Company under the Limitation Act or that all claims do not exceed the value of the respective limitation funds. (Doc. 57, p. 3; Doc. 58, p. 1).

1

Rule 42(b) provides that a court may order separate trials of one or more issues or claims for its convenience, to avoid prejudice, or to expedite and economize. However, when ordering a separate trial, the court must preserve any federal right to a jury trial. Fed. R. Civ. Pro. 42(b). Rule 1 requires that the Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Whether to bifurcate a trial is a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992). Rule 42(b) "gives the trial court broad discretion to order a separate trial of any claim . . . in order to further convenience or to avoid prejudice." *Fid. & Cas. Co. of N.Y. v. Mills*, 319 F.2d 63, 63–64 (5th Cir. 1963).

Generally in a maritime case, a claimant may only proceed in state court prior to this Court's determination of a vessel owner's rights to exoneration or limitation, when *all claimants* have signed a stipulation agreeing to protect the rights of the vessel owner under the Limitation Act or stipulating that the value of all claims does not exceed the value of the respective limitation funds. *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671 (5th Cir. 1996). The United States Court of Appeal for the Fifth Circuit recently reaffirmed this rule and explained that all claimants, including personal injury claimants and claimants seeking tort contribution or indemnification, must agree to the stipulation in order for a claimant to return to

2

state court. *In re Complaint of Devall Towing & Boat Serv. Of Hackberry, LLC*, 827 F. App'x 411 (5th Cir. 2020) (emphasis added).

In fact, the United States District Court for the Eastern District of Louisiana determined that bifurcation that would allow a claimant to proceed in state court was inappropriate without a stipulation that the claims were less than the value of the vessel because it would require the parties to participate in "duplicative, and expensive trials, which would be inconvenient and a violation of judicial economy." *In re Crescent Energy Servs.*, No. 15-819, 2015 WL 7574771, *3 (E.D. La. Nov. 25, 2015); *see In re Am. Commercial Barge Line LLC*, 2019 1202459 (S.D. Tex. 2019) (holding that a bifurcation allowing a claimant to try liability and damages in state court would be improper absent the same stipulations otherwise necessary to lift a limitation stay). Moreover, the United States District Court for the Western District of Louisiana has determined that the lack of the necessary stipulation was fatal to a claimant's request to proceed in state court for a determination on the issue of limitation. *In re Diamond Services Corp.*, No. 6:20-CV000408, 2021 WL 100717, at *1 (W.D. La. Jan. 12, 2021).

This is a multi-claimant case, and the Court has no indication that a stipulation has been reach by the parties. Thus, it appears that Claimant seeks bifurcation as a method to circumvent clearly established precedent. Accordingly, the Court finds that bifurcating the issues of limitation and liability is inappropriate because it will not expedite, economize, or promote convenience as contemplated by Federal Rule of Civil Procedure 42(b).

Accordingly,

**IT IS ORDERED** that Claimant Gregory Ratcliff's Motion to Bifurcate is **DENIED**.

Baton Rouge, Louisiana, this 14th day of February, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**